UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:24-cr-406 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHRISTIN SHAMAR SMITH, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Defendant Christin Shamar Smith ("Smith") moves *in limine* to exclude certain evidence concerning his prior convictions at trial. (Doc. No. 37 (Motion).) The United States opposes the motion. (Doc. No. 40 (Opposition).) For the reasons discussed below, the motion is **GRANTED,** but may be reconsidered at trial.

I.   BACKGROUND

In July 2024, Smith allegedly fled from police after being pulled over and discarded a backpack containing a firearm. (Doc. No. 25, at 1–2.) Smith was arrested and charged with being a felon in possession of a firearm and ammunition. (Doc. No. 10 (Indictment), at 1.) The parties stipulate that Smith is a convicted felon and was aware of that fact when he allegedly possessed the firearm. (Doc. No. 27 (Stipulations), at 1.) Further, Smith represents that, if he chooses to testify, he will "admit [that] he has multiple felony convictions." (Doc. No. 37, at 2.) The only issue remaining for trial, therefore, is whether Smith possessed a firearm or ammunition.[1] And because Smith has stipulated to his felony record, the United States cannot "refer to the specific

---

[1] The parties have also stipulated that the firearm and ammunition specified in the indictment traveled in interstate commerce. (Doc. No. 27, at 1.)

name or nature of [his] prior convictions in its case-in-chief." *United States v. Kemp*, 546 F.3d 759, 763 (6th Cir. 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 186–87, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997)).

## II. MOTION *IN LIMINE*

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, the practice of ruling on motions *in limine* "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Motions *in limine* allow the court to rule on evidentiary issues before trial in order to avoid delay and to allow parties to focus their time on issues that will be considered by the jury. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Further, *in limine* rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted).

Smith moves to exclude testimony regarding the specific nature of his prior convictions under Federal Rule of Evidence 609(a)(1)(B), citing its "limited probative value" and "substantial risk of unfair prejudice[.]" (Doc. No. 37, at 3.) As to probative value, Smith maintains that his prior convictions prove only that he has a felony record, which is not in dispute. (*Id.* at 2.) As to prejudice, Smith claims there is a significant risk that the jury will make an improper inference that "he must have possessed the firearm in this instance because he has before." (*Id.* at 2–3.) The United States contends that if Smith intends to "plac[e] his credibility at issue" by taking the stand, then the details of his prior convictions are "crucial" to allow the jury "to determine his credibility." (Doc. No. 40, at 4.) The United States also asserts that the "timing of the prior [convictions] should weigh heavily towards admissibility." (*Id.*)

2

Rule 609 governs whether the details of Smith's prior convictions should be excluded. It allows the government to use evidence of a prior felony conviction to attack a criminal defendant's character for truthfulness if the conviction's "probative value . . . outweighs its prejudicial effect" to the defendant. Fed. R. Evid. 609(a)(1)(B). When balancing those interests, the Court can consider the impeachment value of a prior conviction, the time between a prior conviction and current offense, the similarities between a prior conviction and the current offense, the importance of the defendant's testimony, and the centrality of the defendant's credibility. *United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (citation and quotation marks omitted); *United States v. Frazier*, 314 F. App'x 801, 804 (6th Cir. 2008) (citation omitted). While those factors guide the Rule 609 analysis, the Court need not consider them all, so long as it makes "a finding on the record that the conviction's probative value outweighs its prejudicial effect." *Frazier*, 314 F. App'x at 804.

Here, the specifics of Smith's prior convictions offer little additional probative value as to his character for truthfulness. And admitting the details of his prior convictions compounds the risk of prejudice.

Start with the probative value of the challenged evidence. The jury will know that Smith is a felon. (Doc. No. 37, at 2 ("Mr. Smith has stipulated that he has a prior felony conviction, and, if he testifies, will admit he has multiple felony convictions.").) "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," so a jury may properly rely on Smith's criminal history in general terms to evaluate his credibility should he choose to take the stand. *Lovett v. Cole*, No. 1:11-cv-277, 2014 WL 5802666, at *2 (S.D. Ohio Nov. 7, 2014) (citation and quotation marks omitted). The probative value of Smith's convictions, though, "is based not on the particular elements of the felony, but on the fact of conviction itself."

3

*Rogers v. Harrell*, No. 07-12220, 2010 WL 2011145, at *2 (E.D. Mich. May 19, 2010) (citation omitted). The Sixth Circuit has recognized "that impeachment under Rule 609 is generally limited to the fact of conviction and should not include the details and circumstances surrounding the conviction." *United States v. Villanueva*, 249 F. App'x 413, 418 (6th Cir. 2007) (citation omitted); *Kemp*, 546 F.3d at 764 (6th Cir. 2008) ("We are thus left to ask what impeachment value, exactly, was gained by having the jury know not only that [the defendant] was a felon *simpliciter*—which they already knew—but that he was this particular *kind* of felon." (emphasis in original)).

Any probative value must be balanced against the risk that the jury will rely on the details of Smith's convictions not for just their impeachment value, but to draw an improper propensity inference. *See Kemp*, 546 F.3d at 764 (recognizing risk that the "jury would convict [the defendant], not on the merits of *this* case, but on the merits of his past ones" (emphasis in original)). That is all the more concerning here because several of Smith's prior convictions are for the same offense or related to firearm possession. *See Fraizer*, 314 F. App'x at 804 ("When the prior conviction is the very same crime, it should be admitted as impeachment evidence sparingly." (citation and quotation marks omitted)); *United States v. Cunningham*, No. 1:11-cr-232, 2012 WL 12865641, at *2 (W.D. Mich. Mar. 20, 2012) ("The similarity of these offenses increases the risk of prejudice. The jury may think that, since [the defendant] committed a similar crime in the past, [the defendant] probably once again committed the offense for which he is charged.").

At this juncture, the Court is not convinced the details of Smith's prior convictions provide any probative impeachment value, let alone enough to outweigh the rather significant risk that the jury will draw an improper propensity inference. The Court does not doubt that Smith's testimony and credibility may turn out to be important, particularly if he contradicts the government's theory

4

of the case.[2] (Doc. No. 40, at 3.) Nor does it question the jury's need "to make an educated decision regarding [Smith's] credibility." (*Id.*) But those concerns do not trump the evidentiary rules, and the United States cannot introduce specific details about Smith's convictions simply because he put his credibility at issue. *See Cunningham*, 2012 WL 12865641, at *1.

That is not to say that the United States cannot question Smith's credibility. If, for example, Smith "denies the firearm was his or places the blame on the other occupant of the vehicle" (Doc. No. 40, at 3), the United States could impeach his testimony by asking if he has previously been convicted of multiple felonies and when those convictions occurred—it simply cannot reference the specific nature of the prior offenses in doing so. Moreover, this calculus may change if Smith opens the door to more specific evidence at trial. *See, e.g.*, *United States v. Lee*, 834 F. App'x 160, 164–65 (6th Cir. 2020) (affirming admission of prior firearm conviction in felon-in-possession case for impeachment purposes, but only after defendant "opened the door" by testifying that he had never been around firearms); *Villanueva*, 249 F. App'x at 418 (affirming admission of the specifics of prior convictions where the defendant's testimony "open[ed] the door" (citing *United States v. Bender*, 265 F.3d 464, 470–71 (6th Cir. 2001)). "A defendant opens the door . . . by offering testimony that is inconsistent with the facts underlying a conviction or that attempts to explain away a conviction." *Villanueva*, 249 F. App'x at 418 (citation omitted). After hearing Smith's testimony, if the United States believes that Smith has opened the door to admission of more specific testimony regarding his prior convictions, the United States can renew its arguments

---

[2] Further factual development will be necessary if this issue is revisited at trial. Some facts will be developed as a matter of course. The Court, for example, does not know how Smith will testify, so it is impossible to say for certain how central his testimony or credibility will be. *See United States v. Tawfik*, No. 17-20183, 2022 WL 866395, at *5 (E.D. Mich. Mar. 23, 2022). His testimony will fill in those gaps. Other issues will need to be clarified by counsel. As to timing of the prior convictions, it is not clear from the record whether Rule 609(b)'s more stringent standard should apply. Finally, little detail is provided about the details of the non-firearm possession offenses, so the Court cannot assess the similarity of those convictions.

outside the presence of the jury.

## III. CONCLUSION

For the reasons stated above, Smith's motion *in limine* is **GRANTED**.[3] However, this ruling may be revisited. If the United States believes that Smith's testimony opens the door to testimony concerning the details of his prior offense, the government is **DIRECTED** to renew its arguments outside the presence of the jury. If requested, the Court will consider a limiting instruction, such as the one provided below:

> You have heard that before this trial the defendant was convicted of other crimes. Those earlier convictions were brought to your attention only as one way of helping you decide how believable his testimony was. You cannot use it for any other purpose. It is not evidence that he is guilty of the crime that he is on trial for now.

**IT IS SO ORDERED**.

Dated: April 30, 2025

                                                                                  **HONORABLE SARA LIOI**
                                                                                  **CHIEF JUDGE**
                                                                                  **UNITED STATES DISTRICT COURT**

---

[3] Smith does not seek to exclude the general fact that he is a felon. (Doc. No. 37, at 2.) That general fact has probative value as to Smith's credibility. *See Lovett*, 2014 WL 5802666, at *2 ("Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully[.]" (citation and quotation marks omitted)). And that probative value outweighs any prejudice to Smith, particularly because he stipulates that he has prior felony convictions. (Doc. No. 37, at 2.) It is only the specific details of those convictions that tip the Rule 609 balance.